UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JEFFREY ZINK, on behalf of himself and all other similarly situated, | REPORT, RECOMMENDATION AND ORDER |
| Plaintiff, | 13-CV-01076(A)(M) |
| v. | |
| FIRST NIAGARA BANK, N.A., | |
| Defendant. | |

_____

Before me is the motion by defendant First Niagara Bank, N.A. ("First Niagara") for leave to amend its answer pursuant to Fed. R. Civ. P. ("Rule") 15(a)(2) [70].[1] That motion, being dispositive, has been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [38]. Oral argument was held on December 9, 2014 [79]. For the following reasons, the motion is granted as to First Niagara's proposed Tenth Defense, and I recommend that it be denied as to First Niagara's proposed Eleventh and Twelfth Defenses.[2]

## BACKGROUND

Plaintiff Jeffrey Zink seeks to maintain a class action to recover penalties from First Niagara pursuant to New York's Real Property Law ("RPL") §275(1) and Real Property Actions and Proceedings Law ("RPAPL") §1921(1), for its allegedly "systematic failure to timely

___

[1]    Bracketed references are to CM/ECF docket entries.

[2]    "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Louis v. Metropolitan Transit Authority, 2014 WL 5311455, *1 (E.D.N.Y. 2014).

present to the county clerks of New York State proof that mortgages have been satisfied". Amended Complaint [21], ¶1.

Both statutes contain the following provision: "Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days [after payment] . . . in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and . . . in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days."

Zink alleges that he obtained a mortgage for property in the Town of Cortlandt from HSBC Mortgage Corporation (USA) which was subsequently assigned to First Niagara (Amended Complaint [21], ¶12), and that First Niagara "failed to present a certificate or [*sic*] discharge for recording within ninety days of the date upon which the full amount of principle [*sic*] and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded for more than one-hundred and thirty-five (135) days after the discharge date" (id., ¶¶25, 32).

He further alleges that "based on a review of county records, First Niagara appears to have failed to timely filed mortgage satisfactions in thousands, if not tens of thousands, of instances" (id., ¶19). He seeks to represent a class consisting of "[a]ll persons who were the mortgagor party to a mortgage held by First Niagara . . . secured by real property located in New York State for which the principle [*sic*], interest and all other amounts due or otherwise owed was completely paid after July 19, 2007 but Defendant failed to present a certificate of discharge or

satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded". Amended Complaint [21], ¶20.

First Niagara's motion to amend seeks to allege three additional defenses:

1. <u>Tenth Defense</u>: The claims of any putative class are barred, in whole or in part, by a three year statute of limitations.

2. <u>Eleventh Defense</u>: The putative class is limited to residential, and excludes commercial, mortgagors.

3. <u>Twelfth Defense</u>: "Presentment" under RPAPL §1921 and RPL §275 includes mailing a mortgage satisfaction to the County Clerk's office via U.S. mail. Presentment is complete upon mailing, not receipt. Therefore, any putative class does not include mortgagors for which First Niagara mailed or otherwise presented a satisfaction of mortgage within the timeframes set forth in RPAPL §1921 and RPL §275.

Galvin Declaration [70-1], ¶12.

## ANALYSIS

"While generally leave to amend should be freely granted, *see* [Rule] 15(a), it may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." <u>Kropelnicki v. Siegel</u>, 290 F.3d 118, 130 (2d Cir. 2002). In opposing First Niagara's motion to amend, Zink does not argue that First Niagara is guilty of bad faith or undue delay - instead, he argues that "because each of the affirmative defenses that First Niagara seeks to add are wholly lacking in merit, amendment would be futile". Zink's Memorandum of Law [76], p. 1.

"The nonmovant has the burden of showing that the proposed amendment would be futile." Youngbloods v. BMG Music, 2011 WL 43510, *9 (S.D.N.Y. 2011). "If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." 6 Wright, Miller, Kane, *et. al.*, Federal Practice & Procedure (Civil) §1487 (3d ed. 2014) (emphasis added).

A.   **Proposed Tenth Defense**

"In diversity cases, state statutes of limitations govern the timeliness of state law claims." Diffley v. Allied-Signal, Inc. 921 F.2d 421, 423 (2d Cir. 1990). First Niagara's proposed Tenth Defense "states that the claims of any putative class are barred by a three year statute of limitations. This defense is based on N.Y. CPLR 214(2), which establishes a three year limitations period for 'an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215.'" First Niagara's Memorandum of Law [70-4], p. 8.[3]

Although Zink initially opposed the assertion of this defense, by letter dated December 10, 2014 [80] he withdrew that opposition, stating that he "is prepared to concede that the proposed amendment to add an affirmative defense related to the statute of limitations is not futile . . . . [T]he ultimate determination of which statute of limitation applies should be determined at a later time and under a different legal standard of review than that currently briefed before the Court".

---

[3]   "The phrase 'except as provided in sections 213 and 215' has reference to subdivision 7 of CPLR 213 and subdivision 4 of CPLR 215 . . . which do not apply in this case." Liberty Mutual Insurance Co. v. Excel Imaging, P.C., 879 F.Supp.2d 243, 265-66 (E.D.N.Y. 2012).

Zink accurately characterizes the current legal posture of this case: allowing the assertion of this defense does not necessarily mean that CPLR §214(2) is applicable[4] - it means only that the defense is not "so clearly legally insufficient as to be unworthy of the court's consideration". *See* First Niagara's Reply Memorandum of Law [77], p. 1 (*quoting* <u>Kovian v. Fulton County Nat. Bank and Trust Co.</u>, 1992 WL 106814, *8 (N.D.N.Y. 1992)).

**B.     Proposed Eleventh Defense**

First Niagara argues that its proposed Eleventh Defense, which seeks to limit any putative class to residential mortgagors, "is not futile because it is undisputed that Zink - the sole named plaintiff - is a residential mortgagor . . . . The Amended Complaint does not support the inclusion of commercial mortgagors in the putative class, and there are no allegations regarding commercial mortgages". First Niagara's Memorandum of Law [70-4], p. 9.

However, Zink seeks to recover not only on behalf of residential mortgagors, but also on behalf of a "[a]ll persons who were the mortgagor party to a mortgage held by First Niagara . . ." (Amended Complaint [21] ¶20), and First Niagara does not explain why commercial mortgagors should be treated differently from residential mortgagors under the statutes at issue. While First Niagara may seek "to challenge the inclusion of such mortgagors in the proposed class if and when Zink moves for class certification" (First Niagara's Memorandum of Law [70-4], p. 9), its ability to do so does not require the pleading of this defense.

---

[4]     CPLR §214(2) would not bar Zink's individual claim in any event. It becomes possibly relevant only as to other potential class members, if and when a certification motion is filed.

**C.      Proposed Twelfth Defense**

Zink alleges that First Niagara failed to timely present a certificate of mortgage discharge (Amended Complaint [21], ¶¶16, 25, 31, 32), and First Niagara denies each of those allegations (Answer [62], ¶¶16, 25, 31, 32). First Niagara's proposed Twelfth Defense "seeks to establish that 'presentment' under §§1921 and 275 includes mailing a mortgage satisfaction to the County Clerk's office, and that presentment is complete upon mailing (as opposed to receipt by the County Clerk)". First Niagara's Memorandum of Law [70-4], p. 9.

There is no need for this separate defense, for "[i]f the defense involved is one that merely negates an element of the plaintiff's prima facie case . . . it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." Masuen v. E.L. Lien & Sons, Inc., 714 F.2d 55, 57 (8th Cir. 1983). *See also* National Market Share, Inc. v. Sterling National Bank, 392 F.3d 520, 526-27 (2d Cir. 2004) (holding that defense of intervening cause need not be specifically pleaded, since proof of proximate causation is part of plaintiff's case in chief).

Since First Niagara has denied Zink's allegation that it did not make a timely presentment of the certificates of mortgage discharge, that issue - including the meaning of "presentment" - is already in the case, and need not be realleged. *See* Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois National Bank and Trust Co., 576 F.Supp. 985, 989 (N.D.Ill. 1983) ("Issues raised by denial are not proper affirmative defenses"); F.T.C. v. Think All Publishing, L.L.C., 564 F.Supp.2d 663, 666 (E.D.Tex. 2008) ("Each of these seven defenses are merely restatements of denials of certain allegations that were made elsewhere

in the Defendants' Answer.  The affirmative defenses . . . are, therefore, redundant, and they should be struck under Rule 12(f)").

**CONCLUSION**

For these reasons, First Niagara's motion [70] is granted as to its proposed Tenth Defense, and I recommend that the motion be denied as to its proposed Eleventh and Twelfth Defenses.  Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by December 29, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: December 11, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge