UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERY ZINK, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br>   v.<br><br>FIRST NIAGARA BANK, N.A.<br><br>               Defendant. | Civil Action No. 1:13-cv-01076-RJA-JJM |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF A FINDING BY THIS COURT THAT IT HAS
<u>SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIMS</u>**

Plaintiff respectfully submits this notice of supplemental authority to draw this Court's attention to a recent decision in *In re Barclays Bank PLC Sec. Litig.*, No. 09-1989, 2016 WL 3235290 (S.D.N.Y. June 9, 2016).

In *Barclays*, the Honorable Judge Paul A. Crotty noted that *Spokeo* broke no new ground as it relates to standing in the Second Circuit and that *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012) remains good law. In rejecting the defendant's argument that the plaintiff lacked standing to assert his claim for statutory damages pursuant to Section 11 of the Securities Act because his shares (which had never been sold) were worth more than when they were purchased, the Court held:

> "[I]t has long been recognized that a legally protected interest may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012) (internal quotation marks omitted); *see also Spokeo*, 136 S. Ct. at 1553 (Thomas, J., concurring) ("Congress can create new private rights and authorize private plaintiffs to sue based simply on the violation of those private rights. A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.") (internal citation omitted). Askelson seeks to vindicate his private right to Section 11 damages based on his purchase of Series 5 shares and the alleged diminution in value of his shares. That satisfies the Article III minima; Askelson has standing.

*In re Barclays*, 2016 WL 3235290, at *6. Judge Crotty also rejected the defendant's argument that the plaintiff "lacks standing because he testified that, since he did not actually sell the shares at their depreciated value, he sustained a "hypothetical" injury." *Id.* at *6, note 4.

The Honorable Judge Cathy Seibel relied on *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012) when she previously held that the plaintiffs' in *Villanueva v. Wells Fargo Bank, N.A.*, No. 13-5429 (S.D.N.Y.) have Article III standing to pursue their claims that their mortgage satisfactions were not timely presently, notwithstanding that they were subsequently and dilatorily filed. Because *Spokeo* does not provide a basis to depart from Judge

Seibel's well-reasoned finding or this Court's previous finding (*See Zink v. First Niagara Bank, N.A.*, 18 F. Supp. 3d 363, 372 (W.D.N.Y. 2014)) to hear Plaintiff's claims, Plaintiff respectfully requests that the Court enter the Preliminary Approval Order in this action.

                                                                    Respectfully submitted,

Dated: June 14, 2016                **FINKELSTEIN, BLANKINSHIP,**
                                                             **FREI-PEARSON & GARBER, LLP**

                                                             By: <u>*/s/ D. Greg Blankinship*</u>
                                                             D. Greg Blankinship
                                                            Todd S. Garber
                                                            445 Hamilton Avenue
                                                            White Plains, New York 10601
                                                            Tel: (914) 298-3290
                                                            gblankinship@fbfglaw.com
                                                            tgarber@fbfglaw.com

                                                            *Attorneys for Plaintiffs and the Class*