UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY ZINK, on behalf of himself and all
others similarly situated,

            Plaintiff,                          1:13-cv-01076-JJM

v.

FIRST NIAGARA BANK, N.A.,

            Defendant.
_____

## **FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, the Court is advised that the Parties, through their counsel, have agreed, subject to Court approval following notice to the Class, to settle this Action (the "Action") upon the terms and conditions set forth in the Settlement Agreement which was filed with the Court; and

WHEREAS, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, and said notice has been made, and the fairness hearing has been held;

NOW, THEREFORE, based upon the Settlement Agreement and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement Agreement is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after Notice to the Class of the proposed Settlement to determine if the Settlement is fair, reasonable, and adequate and whether a Final Judgment of Dismissal with Prejudice ("Final Judgment") should be entered in this Action based upon the Stipulation;

**THE COURT HEREBY ORDERS JUDGES AND DECREES:**

1. The provisions of the Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of this Action and all of the Parties and all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court certifies a class defined as: All persons who were the mortgagor party to a residential mortgage held or serviced by First Niagara secured by real property located in New York State for which the principle, interest and all other amounts due or otherwise owed was completely paid between July 19, 2010 and November 14, 2014 but a certificate of discharge or satisfaction of mortgage was not presented within 30 days to the recording officer of the county where the mortgage was recorded (the "Settlement Class").

4. Solely for purposes of effectuating the Settlement, the Court finds that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (iii) the claims of Plaintiff are typical of the claims of the Settlement Class; (iv) Plaintiff and Class Counsel can fairly and adequately represent and protect the interests of Settlement Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of

continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

5. The Court appoints Plaintiff Jeffrey Zink the Representative of the Settlement Class

6. The Court appoints D. Gregory Blankinship and Todd S. Garber, Finkelstein, Frei-Pearson & Garber LLP, 445 Hamilton Avenue, White Plains, NY 10601, as Class Counsel of the Settlement Class

7. The Court finds that:

   i. the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of a very experienced mediator, David Geronemus;

   ii. Class counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

   iii. the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

8. The form, content, and method of dissemination of Notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

9. Notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

10. The Settlement is fair, reasonable, and adequate and in the best interests of the Class.

    i. The Settlement was negotiated vigorously and at arm's-length by Plaintiff and his experienced counsel on behalf of the Class. Accordingly, both the Plaintiff and Defendant were well positioned to evaluate the settlement value of this Action. The Settlement has been entered into in good faith and is not collusive.

    ii. If the Settlement had not been achieved, both Plaintiff and Defendant faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiff's or Defendant's arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

11. Plaintiff, all Class Members, and Defendant are hereby bound by the terms of the Settlement set forth in the Stipulation.

12. The Settlement Agreement's terms are approved as final, fair, reasonable and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

13. The Action and all claims that are or have ever been contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiff, the Class Members, and all other Releasing Persons. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

14. All Released Parties as defined in the Settlement Agreement are released in accordance with, and as defined in, the Stipulation.

15. Upon the Effective Date of this Settlement, Plaintiff and all Class Members, on behalf of themselves and each of the Releasing Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Class Member executed and delivered a Proof of Claim.

16. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

17. All Class Members who have failed to properly file Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Settlement and this Final Judgment and release and forever discharge the Released Parties from all Released Claims as provided in the Settlement Agreement and herein.

18. For the reasons stated in my December 29, 2016 Decision and Order [134], First Niagara shall pay plaintiff's counsel the sum of $696,350.00 for fees and expenses, and shall pay plaintiff the sum of $2,500 as a service award (in addition to whatever amount he is entitled to as a class member), provided that neither payment will reduce the amount payable to the class.

19. All other provisions of the Settlement Agreement are incorporated into this Final Judgment as if fully rewritten herein. To the extent that the terms of this Final Judgment conflict with the terms of the Settlement Agreement, the Settlement Agreement shall control.

20. Plaintiff, all Class Members, and all other Releasing Persons are hereby BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

21.     The proposed allocation set forth in the Notice is approved as fair and reasonable, and Plaintiff's Counsel are directed to arrange for the administration of the Settlement in accordance with its terms and provisions.  Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Final Judgment or the releases provided hereunder and shall be considered separate from this Final Judgment.

22.     The Court hereby decrees that neither the Settlement Agreement nor this Final Judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any liability or wrongdoing.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Neither the Settlement Agreement nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement, or in an action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of this Action.

23.     The Action is dismissed with prejudice; subject, however, to this Court retaining jurisdiction over compliance with the Settlement Agreement and this Final Judgment.

24.     The Court hereby bars all future claims for contribution arising out of the Action or the Released Claims by any Person against the Released Parties.

25.     Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendant (or any other Released Parties) against its insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or

representatives.  Nothing in this Final Judgment constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

26. In the event that the Settlement is terminated in accordance with its terms, (i) this Final Judgment shall be rendered null and void and shall be vacated nunc pro tunc, and (ii) this Action shall proceed as provided in the Settlement Agreement.

27. There is no just reason for delay, and this is a final, appealable order and/or judgment as of when it is stamped as received for filing.

28. Final judgment shall be entered herein.

**SO ORDERED.**

Dated:  December 29, 2016

/s/ Jeremiah J. McCarthy  
Jeremiah J. McCarthy  
United States Magistrate Judge